# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| VERNON CHARLES PATTON,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:19-cv-02172-TLP-tmp |
| v. ) | |
| ) | JURY DEMAND |
| STATE OF TENNESSEE, ) | |
| ) | |
| Defendant. ) | |

**ORDER DIRECTING PLAINTIFF TO COMPLY WITH 28 U.S.C. § 1915(a)(1)–(2) OR PAY THE $400 CIVIL FILING FEE**

Plaintiff Vernon Charles Patton[1] filed a pro se complaint pursuant to 42 U.S.C. § 1983, accompanied by a handwritten request to postpone filing fees and an inmate balance history report that is not current. (ECF Nos. 1 & 2.)

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)–(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[2] Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v.*

---

[1] Plaintiff, booking number 17156195, is incarcerated at the Shelby County Criminal Justice Center ("Jail") in Memphis, Tennessee.

[2] 28 U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), [t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed in forma pauperis under 28 U.S.C. § 1915. Thus, if Plaintiff is granted leave to proceed in forma pauperis, he will not be liable for the additional $50 fee.

*Harry,* 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Id.* at 604. However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an in forma pauperis affidavit and a certified copy of his inmate trust account statement for the last six months. 28 U.S.C. § 1915(a)(2).

Therefore, the Plaintiff is ORDERED to submit, within thirty (30) days after the date of this Order, either the entire $400 civil filing fee or a properly completed and executed application to proceed in forma pauperis form used by this court along with a current certified copy of his inmate trust account statement for the last six (6) months. The Clerk is directed to mail Plaintiff a copy of the prisoner in forma pauperis affidavit form along with this order. If Plaintiff needs additional time to submit the affidavit, he may, within thirty (30) days after the date of this Order, file a motion for extension of time.

If Plaintiff timely submits the necessary documents and the Court finds that he is indeed indigent, the Court will grant leave to proceed in forma pauperis and assess only a $350 filing fee in accordance with the installment procedure of 28 U.S.C. § 1915(b). However, if Plaintiff fails to comply with this order in a timely manner, the Court will deny leave to proceed in forma pauperis, assess the entire $400 filing fee from his inmate trust account without regard to the installment payment procedures, and dismiss the action without further notice for failure to prosecute pursuant to Federal Rules of Civil Procedure 41(b). *McGore*, 114 F.3rd at 605.[3]

---

[3] Even a voluntary dismissal by Plaintiff will not eliminate the obligation to pay the filing fee. *McGore*, 114 F.3d at 607; *see also In re Alea*, 286 F3d. 378, 381 (6th Cir. 2002).

**SO ORDERED**, this 9th day of April, 2019.

                                            s/ Thomas L. Parker
                                        THOMAS L. PARKER
                                        UNITED STATES DISTRICT JUDGE